

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,156-01

### EX PARTE GILBERT VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20070D02841-120-1 IN THE 120TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Vasquez v. State*, No. 08-07-00247-CR (Tex. App.—El Paso Mar. 20, 2010) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective at the punishment phase of trial because he did not investigate and present mitigation evidence. He also raises claims of ineffective assistance relating to counsel's performance during the guilt phase. Based on the record, the trial court has determined that trial counsel's performance at the punishment phase was deficient

and that Applicant was prejudiced. The trial court has found that counsel was not ineffective during the guilt phase of trial. We agree with the trial court's findings and base our decision adjudicating the claims raised in Applicant's habeas corpus application on the trial court's findings and this Court's independent review of the entire record.

Relief is denied on Applicant's claims relating to the validity of his conviction. Relief is granted on Applicant's claim of ineffective assistance of counsel at punishment. *Strickland v. Washington*, 466 U.S. 668 (1984). The sentence in cause number 20070D02841 in the 120th District Court of El Paso County is set aside, and Applicant is remanded to the custody of the Sheriff of El Paso County for a new punishment hearing. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 27, 2021
Do not publish